IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-03029-CMA-NRN

CRAIG H. ROBERTS,

    Plaintiff,

v.

DOUG BENSON,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant Doug Benson's Motion to Dismiss. (Doc. # 6.) For the following reasons, the Motion is denied.

## I.    BACKGROUND

This is a defamation lawsuit brought by Plaintiff Craig H. Roberts against Defendant Doug Benson. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction as the amount in controversy exceeds $75,000 and the parties have diverse residencies. (Doc. # 1 at ¶ 3.) Defendant is a resident of Colorado (*id.* at ¶ 2), and Plaintiff is a resident of Florida (*id.* at ¶ 1). Plaintiff asserts that Florida law applies to this case. (*Id.* at ¶ 20.) Defendant disagrees and believes Colorado law governs this case; however, for purposes of this Motion, Defendant "does not contest the application of Florida law" and "moves for dismissal under Florida and U.S. Constitutional law." (Doc.

# 6 at 6.) Therefore, the Court will apply Florida law for purposes of reviewing the Motion to Dismiss.

The following facts are taken from Plaintiff's Complaint (Doc. # 1) and are assumed to be true for purposes of reviewing the Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).[1] *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The Court also draws facts from the documents attached to the Complaint. Fed. R. Civ. P. 10(c); *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal.").

Plaintiff is and at all material times was the President of Bahama Beach Club Holdings Ltd., a 91-condominium unit development on the island of Abaco in the Commonwealth of The Bahamas. (Doc. # 1 at ¶ 5.) Defendant is a condominium owner in the development and President of phases 1-4, 6 and 7 of the Bahama Beach Club ("BBC"). (*Id.* at ¶ 9; Doc. # 1-3 at 5.) In September 2019, Hurricane Dorian hit the Bahamas, causing significant damage to the BBC. (Doc. # 1 at ¶¶ 6–7.) Plaintiff directed the rebuilding of the development, including communicating with the casualty insurer, Insurance Management Bahamas ("IMB"), and IMB agent Robert Pinder. (*Id.* at ¶ 8; Doc. # 1-4.)

---

[1] Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(6) and argues against the sufficiency of the Complaint. (Doc. # 6 at 5.) However, Defendant also includes his own narrative version of the facts of this case without providing any support or attaching any documents. (*Id.* at 1–5.) The Court declines to convert the Motion to a motion for summary judgment and disregards the additional facts asserted in Defendant's Motion to Dismiss. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

According to Plaintiff, Defendant "took issue with Plaintiff's efforts and sought to organize opposition to those efforts among other condominium owners." (Doc. # 1 at ¶ 9.) On June 6, 2020, Defendant sent an email to approximately 50 individuals, 20 of whom were known to Defendant to own vacation property at the BBC. (*Id.* at ¶¶ 11–12.) In the email, Defendant wrote:

> Mr. Pinder called, and we spoke. He was very clear, that Insurance Management and its carriers, will not insure Craig Roberts or any of his related companies under any circumstances, and do not want to do business with him, "in any way, shape or form." Mr. Pinder views Mr. Roberts as a **bad risk** and a **moral blight on our community**.

(Doc. # 1-1) (emphases added). On or about June 8, 2020, and June 15, 2020, Defendant published to one or more additional individuals emails in which he wrote: "Our Insurance Agent informed me that we were being cancelled because they viewed [Plaintiff] as a BAD risk, and a moral blight on our community." (Doc. ## 1-2, 1-3.)

Plaintiff filed the instant action on November 10, 2021. (Doc. # 1.) In his Complaint, Plaintiff asserts one claim for relief against Defendant for defamation. (*Id.* at ¶¶ 19–20.) Plaintiff alleges the comments "bad risk" and "moral blight on our community" were "defamatory *per se* in that they were intended to and did impute to Plaintiff conduct, characteristics, or a condition incompatible with the exercise of Plaintiff's lawful business, trade, profession, or office." (*Id.* at ¶ 16.) Plaintiff contends that the statements in the email sent by Defendant were not made by IMB agent Mr. Pinder but were "fabricated by Defendant" and defamatory. (*Id.* at ¶ 15.) In support,

Plaintiff attached to his Complaint a letter from IMB in which IMB clarified Mr. Pinder's conversation with Defendant and denied that Mr. Pinder stated the offending words:

> Mr. Pinder further stated that he candidly advised [Defendant] that IMB had taken the position that it would no longer do any further business with BBC if [Plaintiff] was involved and that this decision was taken as a result of the contentious relationship that developed between IMB and [Plaintiff] during the settlement of the Dorian claim. Mr. Pinder, however, vehemently denied that he uttered the offending words or words bearing any resemblance to them.
>
> Mr. Pinder indicated that he was shocked to learn that [Defendant] had attributed the utterance of the offending words to him and that he only discovered this when he was presented with a copy of [Defendant's] email to the Unit Owners.

(Doc. # 1-4 at 2.)

On December 7, 2021, Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff's Complaint fails to state a claim for which relief may be granted. (Doc. # 6.) Plaintiff filed a Response (Doc. # 8), and Defendant followed with his Reply (Doc. # 15). The Court now reviews the Motion.

## II. LEGAL STANDARDS

### A. FEDERAL RULE OF CIVIL PROCEDURE 12 (b)(6)

Under Rule 12(b)(6), the Court may dismiss a complaint for failure to state a claim if it appears beyond a doubt that the plaintiff can plead no set of facts in support of his claim that entitle him to relief. *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). Dismissal under Rule 12(b)(6) may also be based on the lack of a cognizable legal theory. *Id.* In reviewing a motion to dismiss, courts take all well-pleaded allegations in the plaintiff's complaint as true and construe the allegations in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

*Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). The court's role in a Rule 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

However, a litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). A plaintiff's claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  DISCUSSION

Defendant argues that the Complaint fails to state a claim for defamation because the alleged defamatory statements constitute pure opinion or are substantially true. *See generally* (Doc. # 6.) The Court will address each argument in turn.

Under Florida law, to establish a cause of action for defamation, a plaintiff must allege that "(1) the defendant published a false statement (2) about the plaintiff, (3) to a third party, and (4) that the falsity of the statement caused injury to the plaintiff." *Valencia v. Citibank Int'l*, 728 So. 2d 330, 330 (Fla. Dist. Ct. App. 1999). "Falsity" exists only if "the publication is substantially and materially false, not just if it is technically

false." *Kieffer v. Atheists of Fla., Inc.*, 269 So. 3d 656, 659 (Fla. Dist. Ct. App. 2019) (quoting *Smith v. Cuban Am. Nat'l Found.*, 731 So. 2d 702, 707 (Fla. Dist. Ct. App. 1999)).

A.    OPINION VERSUS FACTUAL STATEMENTS

Whether a statement is one of fact or one of opinion is a question of law. *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 56–57 (Fla. Dist. Ct. App. 1981). The distinction between fact and pure opinion or rhetorical hyperbole is critical; "to be actionable, a defamatory publication must convey to a reasonable reader the impression that it describes actual facts about the plaintiff or the activities in which he participated." *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1379 (S.D. Fla. 2006).

False statements of fact of or concerning a private person are not protected by the Constitution, but expressions of opinion are. *Hay v. Indep. Newspapers, Inc.*, 450 So. 2d 293, 295 (Fla. Dist. Ct. App. 1984) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 328 (1974)). In determining whether a statement is one of fact or opinion, the court should analyze whether "the speaker or writer accurately presented the underlying facts of the situation before making the allegedly defamatory remarks." *Zambrano v. Devanesan*, 484 So. 2d 603, 606 (Fla. Dist. Ct. App. 1986). "Conversely, where the speaker or writer neglects to provide the audience with an adequate factual foundation prior to engaging in the offending discourse, liability may arise." *Id.* at 606–607.

Defendant contends that the alleged statements that Plaintiff is a "bad risk" and a "moral blight on our community" are not actionable because they are statements of pure opinion. (Doc. # 6 at 11.) While Defendant is correct that such statements, standing

6

alone, may constitute opinions protected by the First Amendment, Defendant mischaracterizes Plaintiff's allegations. Plaintiff does not allege that Defendant called Plaintiff a "bad risk" and a "moral blight on our community"; rather, Plaintiff alleges that Defendant falsely stated that **IMB views Plaintiff as a bad risk and moral blight on the community**. (Doc. # 1 at ¶ 14; Doc. # 1-1.) Plaintiff attached emails written by Defendant in which Defendant stated: "Mr. Pinder views [Plaintiff] as a bad risk and a moral blight on our community," (Doc. # 1-1), and "[o]ur insurance agent informed me that . . . they viewed [Plaintiff] as a BAD risk, and a moral blight on our community" (Doc. # 1-2 at 2). Defendant asks the Court to consider only part of the alleged defamatory statement and determine it to be unactionable as pure opinion. However, viewed as a whole, the alleged defamatory statements plainly include a factual allegation. *See Zambrano*, 484 So. 2d at 607 (rejecting a defendant's argument that statements were "pure opinion" because "the statements on their face contain factual allegations").

The Court also rejects Defendant's argument that the statements are "pure opinion" because the condominium owners who received the emails had sufficient factual background to "make up their own minds about whether [Plaintiff] was a 'moral blight' on their community based on their own knowledge of [Plaintiff] and their past dealings with him." (Doc. # 6 at 12.) As an initial matter, Defendant again ignores that the alleged defamatory statement is that **IMB views Plaintiff as a bad risk and moral blight on the community**, not simply that Plaintiff **is** a bad risk and moral blight on the

7

community.[2] Further, a statement is of pure opinion or rhetorical hyperbole if "it is based on facts otherwise known or available to the reader or listener." *Razner v. Wellington Reg'l Med. Ctr., Inc.*, 837 So. 2d 437, 442 (Fla. Dist. Ct. App. 2002) (holding that a co-employee's statement that plaintiff "was an alcoholic and needed to retire" was of pure opinion because the third party who heard the statement had external facts to form her own opinion, including knowing that their employer required plaintiff to take a blood alcohol test, being aware of the co-employee speaker's distaste for the plaintiff, and having smelled alcohol on the plaintiff's breath). Based on the allegations in the Complaint, it appears that Defendant made the allegedly defamatory statements to various third parties who did **not** have facts available to them to make their own decision. For example, it does not appear that any of the various condominium owners participated in the phone call between Mr. Pinder and Defendant or otherwise had separate knowledge of Mr. Pinder's view of Plaintiff. *See* (Doc. # 1-1; Doc. # 1-4 at 2.) Thus, the Court cannot assume that any of the condominium owners had sufficient factual background to independently determine whether Mr. Pinder believed that Plaintiff was a "bad risk" or a "moral blight" on their community.

---

[2] Defendant cites to *Associated Press v. Cook*, 17 S.W.3d 447 (Tex. App. 2000) for the proposition that calling someone a "blight on law enforcement" amounts to "little more than name calling" and constitutes an opinion protected by the First Amendment. (Doc. # 6 at 12.) Again, Defendant misconstrues Plaintiff's allegations. In addition, the Court finds that *Associated Press* is distinguishable because the "blight on law enforcement" statement published in that case was accurately quoted, whereas in the instant case it is disputed as to whether Mr. Pinder said Plaintiff was a "moral blight" at all. *Associated Press*, 17 S.W.3d at 454.

Viewing the alleged defamatory statements and factual allegations in the light most favorable to Plaintiff, the Court finds that the Complaint sufficiently alleges that Defendant made a false defamatory statement of fact rather than one of pure opinion.

B.   "GIST" AND "SUBSTANTIALLY TRUE"

Defendant also asserts that the statement that IMB views Plaintiff as a "BAD risk" is not defamatory because the gist of the statement is substantially true. (Doc. # 6 at 8.) Defendant argues that "even if [Defendant] misquoted Mr. Pinder, it did not result in a material misrepresentation of fact" because IMB had taken the position that it would no longer work with Plaintiff. (*Id.* at 9.) Plaintiff counterargues that "the substantive truth of the alleged defamatory statement would be an inappropriate determination on a motion to dismiss" because "the defense does not appear affirmatively on the face of the complaint." (Doc. # 8 at 6.) The Court agrees with Plaintiff.

"A false statement of fact is the *sine qua non* for recovery in a defamation action." *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. Dist. Ct. App. 1983). A statement is false only if it is "substantially and materially false, not just if it is technically false." *Smith*, 731 So. 2d at 707; *see also Tillett v. BJ's Wholesale Club, Inc.*, No. 3:09-cv-1095-J-34MCR, 2010 WL 11507322, at *5 n.10 (M.D. Fla. July 30, 2010) ("[A]lthough falsity is often listed as an element of a cause of action for defamation, it is perhaps more technically accurate to state the truth, accompanied by good motives, is an affirmative defense."). Under the substantial truth doctrine, "a statement does not have to be perfectly accurate if the 'gist' or the 'sting' of the statement is true." *Smith*, 731 So. 2d at 706. The Court will dismiss a defamation claim under Rule 12(b)(6) based on

9

"substantial truth" only if truth, coupled with good motive, is clear from the face of the complaint. *See LRX, Inc. v. Horizon Assocs. Joint Venture*, 842 So. 2d 881, 886 (Fla. Dist. Ct. App. 2003) ("Under Florida law, truth 'is only a defense to defamation when the truth has been coupled with good motive.'" (quoting *Lipsig v. Ramlawi*, 760 So. 2d 170, 183 (Fla. Dist. Ct. App. 2000)); *Tillett*, 2010 WL 11507322 at *5 n.10 ("Even if truth itself is apparent from the face of the Second Amended Complaint, [p]laintiff's failure to allege lack of good motive cannot sustain a motion to dismiss because a plaintiff is not required to anticipate and negate an affirmative defense in his complaint.").

Accepting the allegations as true and viewing them in the light most favorable to Plaintiff, the Court does not find it clear from the face of the Complaint that the statement "Mr. Pinder views [Plaintiff] as a bad risk" is substantially true. Plaintiff has adequately alleged that the allegedly defamatory statements are false, and it would be improper for the Court to resolve Defendant's "substantial truth" argument at this stage of the litigation. Defendant's argument may more appropriately be addressed at the summary judgment stage with the benefit of a fully developed record and more complete briefing.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. # 6) is DENIED.

DATED:  June 7, 2022

                                              BY THE COURT:

                                              CHRISTINE M. ARGUELLO
                                              United States District Judge